[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves real property in Stamford known as Chimney Corners at the intersection of Long Ridge Road and Webbs Hill Road. The amended complaint of November 4, 1991 is in six counts labelled quiet title, slander of title, declaratory judgment, breach of warranty, malpractice and negligent misrepresentation, respectively.
The first count is by the plaintiff Long Ridge Realty Associates, Inc. (Long Ridge Realty), the owner of Chimney Corners. The defendants are the North Stamford Association, an unincorporated association of property owners in the vicinity of Chimney Corners, North Stamford Association, Inc., a non-stock corporation that succeeded to the interests of the North Stamford Association, and approximately nineteen individual members of the Association and its successor.
The controversy centers around an agreement dated August 8, 1989, between an entity known as "Long Ridge Associates," and the North Stamford Association. The agreement was signed on behalf of the former by a Nicholas Mercede, as a "general partner" of Long Ridge Associates. This agreement imposed a number of restrictions on the development of Chimney Corners, including an obligation to restore the existing building, and also relating to landscaping, lighting, fencing and the type of use, prohibiting for example, fast food operations, discount chains and similar uses. Mercede is described in the complaint as a shareholder and vice president of plaintiff Long Ridge Realty, but one lacking authority to execute the August 8, 1989 agreement, and to bind the plaintiff. Moreover, the plaintiff claims it was the record owner of the subject premises when the agreement was executed, not "Long Ridge Associates." This agreement obviously restricts markedly the plaintiff's use of its property and Long Ridge Realty seeks to have this purported agreement declared null and void.
The second count is by the same plaintiff and is against the same defendants named in the first count, and claims that the defendants North Stamford Association, Inc. and North Stamford Association, as well as the individual members thereof, slandered CT Page 2979 the plaintiff's title by causing the August 8, 1989 agreement to be recorded in the Stamford Land Records, when they knew that the plaintiff was not a signatory to the agreement.
The third count is against the North Stamford Association, Inc., only, and seeks a declaratory judgment that the August 8, 1989 letter agreement is not binding on the plaintiff because Mercede did not have authority to bind Long Ridge Realty.
The fourth count is brought by Norman Fieber, who is not a plaintiff in any of the first three counts, against one Charles Flayhan, who is not a defendant in any of the first three counts. Fieber alleges that he agreed to purchase twenty-four and one-half shares of Long Ridge Realty from Flayhan in accord with a purchase agreement of April 9, 1990, some eight months or so after the agreement of August 8, 1989 had been executed, and that Flayhan failed to give him notice of the existence of this agreement between Long Ridge Associates and the North Stamford Association. Fieber further alleges that "to the extent" the letter agreement is binding on Long Ridge Realty, it would therefore be an encumbrance, and a breach of the warranty by Flayhan in the purchase agreement that there were no such encumbrances.
The fifth count is also brought by Norman Fieber, as well as a number of members of his family, and is directed against Attorney John Fusaro, who was acting on behalf of both Flayhan and Mercede, who also agreed to sell twenty-four and one-half shares of his stock in Long Ridge Realty to the Fieber group. It is further alleged that Fusaro, as the attorney for Flayhan and Mercede, gave the Fieber group a certificate of title that there were no encumbrances on the Chimney Corners property, whereas the notice of agreement of August 8, 1989 had previously been filed in the Stamford land records.
The sixth count is by the same plaintiffs who brought the malpractice count against Attorney Fusaro. In the sixth count they accuse Fusaro of negligent misrepresentation in his certificate of title, which indicates that there were no encumbrances on the Chimney Corners property.
The defendants have moved (# 115) to strike the first three counts on the grounds of misjoinder of causes of action. A motion to strike is the proper mechanism to raise the issue of the propriety of "joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts." Practice Book 152(4). See also Practice Book 198 which states that such a motion is the "exclusive remedy for misjoinder of parties."
The first three counts claim in effect that Mercede had no CT Page 2980 authority to sign the agreement or to bind the plaintiff Long Ridge Realty. The last three counts, on the other hand, have been brought by the Fieber group, and claim damages, if and when the agreement is deemed to actually bind the plaintiff Long Ridge Realty, and restrict its use of the Chimney Corners property. The latter three counts, breach of warranty, malpractice, and misrepresentation, will become relevant only if the plaintiff Long Ridge Realty does not prevail on its quiet title and related actions.
General Statutes 47-32 provides that in an action to quiet title, the plaintiff may add "all causes of action relating to defects in the title to any property described in the complaint, claims against the property or affecting the title to it and encumbrances on the property." There is no authority in this statute to add causes of action in contract and tort by the purchaser of stock in the plaintiff corporation against the seller of the stock, and against an attorney involved in this stock transaction, particularly when, as in this case, the liability of the defendants in the latter three counts is contingent upon the other plaintiff's failure to quiet title as requested.
While it is possible to unite several causes of action in one complaint, they must arise out of "the same transaction or transactions connected with the same subject of action." General Statutes 52-97 (7); Practice Book 133(7). The first three counts pertain to a purported encumbrance on realty because of a recorded agreement, whereas counts four, five, and six relate to a sale and purchase of stock in a corporation, and thus fail the "same transaction" test. To the same effect are General Statutes 52-104
and Practice Book 84, which provide that persons may be joined as plaintiffs if their right of relief arises out of the "same transaction or series of transactions." Moreover, the identity of the plaintiff in the first three counts differs from the plaintiffs in the second three counts, as do the defendants, and also counts one, two and three concern an agreement executed some eight months prior to the stock purchase agreement which is the subject of the final three counts.
Accordingly, defendants' motion to strike is granted, and the latter three counts, four, five and six, are ordered stricken from this complaint.
So Ordered.
Dated at Bridgeport, Connecticut, this 1st day of April, 1992.
WILLIAM B. LEWIS, JUDGE CT Page 2981